UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKLIN LANDAETA AND PEDRO YAMAIQUER SANABRIA ORTEGANO, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>      - against -<br><br>5009 6TH AVE SUPERMARKET INC. d/b/a CITY FRESH MARKET, BIENVENIDO DEJESUS NUNEZ A/K/A BIENENIDO , and ERNESTO RODRIGUEZ<br><br>               Defendants. | Index No.:<br><br>**FLSA COLLECTIVE**<br><br>**ACTION AND RULE 23**<br><br>**CLASS ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs FRANKLIN LANDAETA and PEDRO YAMAIQUER SANABRIA ORTEGANO ("Plaintiffs") by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.    Plaintiffs demand a jury trial on all issues that may be tried by a jury.

3.    Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

1

4.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

5.      Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2.  Plaintiffs seek, for themselves and all other similarly situated employees, unpaid minimum wage, overtime pay, spread of hours pay, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

6.      Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## **PARTIES**

9.      Plaintiff FRANKLIN LANDAETA ("Plaintiff LANDAETA") was employed by Defendants as a cook, as described herein, beginning from on or around July 25, 2023 until on or about April 6, 2024.

10.      Plaintiff YAMAIQUER SANABRIA ORTEGANO ("Plaintiff ORTEGANO") was employed by Defendants as a cook as described herein, beginning from in or around March 19, 2024 until on or about May 23, 2024.

11.      Defendant 5009 6TH AVE SUPERMARKET INC. d/b/a CITY FRESH MARKET ("Defendant CITY FRESH MARKET") is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 5009 6TH AVE, Brooklyn, NY, 11220.

12.      Defendant 5009 6TH AVE SUPERMARKET INC. d/b/a CITY FRESH MARKET is a closely held corporation owned and controlled by the individual defendants herein.

13.      Defendant BIENVENIDO DEJESUS NUNEZ A/K/A BIENENIDO ("Defendant NUNEZ") is an owner, chairman/chief executive officer, manager and/or operator of Defendant CITY FRESH MARKET.

14.      Defendant BIENVENIDO DEJESUS NUNEZ A/K/A BIENENIDO is the principal on the liquor license of CITY FRESH MARKET.

15.      Defendant NUNEZ has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

16.     Defendant NUNEZ had the power to enter into executory contracts on behalf of the business including but not limited to the lease.

17.     Defendant NUNEZ had the power to hire and fire employees at CITY FRESH MARKET, including Plaintiff.

18.     Defendant NUNEZ had the final word with Defendant RODRIGUEZ on all business decisions at CITY FRESH MARKET including which contracts to enter into on behalf of the business.

19.     Defendant NUNEZ directed Plaintiffs and the management in place at CITY FRESH MARKET on a regular basis and monitored operations.

20.     Defendant NUNEZ reviewed and controlled the financial records at CITY FRESH MARKET including payroll records and documents recording Plaintiffs' wages and hours worked.

21.     Defendant NUNEZ implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiffs' pay in an effort to thwart Plaintiffs from vindicating their rights under federal and state labor laws.

22.     Defendant NUNEZ actively hired and fired employees including but not limited to Plaintiff LANDAETA.

23.     Defendant NUNEZ actively and directly set employees rates of pay and their schedules.

24.     Defendant ERNESTO RODRIGUEZ ("Defendant RODRIGUEZ") is an owner, chairman/chief executive officer, manager and/or operator of Defendant CITY FRESH MARKET.

25.     Defendant RODRIGUEZ has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

26.     Defendant RODRIGUEZ has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

27.     Defendant RODRIGUEZ had the power to enter into executory contracts on behalf of the business including but not limited to the lease.

28.     Defendant RODRIGUEZ had the power to hire and fire employees at CITY FRESH MARKET, including Plaintiff.

29.     Defendant RODRIGUEZ had the final word with Defendant NUNEZ on all business decisions at CITY FRESH MARKET including which contracts to enter into on behalf of the business.

30.     Defendant RODRIGUEZ directed Plaintiffs and the management in place at CITY FRESH MARKET on a regular basis and monitored operations.

31.     Defendant RODRIGUEZ reviewed and controlled the financial records at CITY FRESH MARKET including payroll records and documents recording Plaintiffs' wages and hours worked.

32.     Defendant RODRIGUEZ implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and

maliciously created a false and incomplete record of Plaintiffs' pay in an effort to thwart Plaintiffs from vindicating their rights under federal and state labor laws.

33.    Defendants willfully and maliciously directed their managers to pay sub-standard wages and to create false misleading time and pay records.

34.    Defendants CITY FRESH MARKET, NUNEZ, and RODRIGUEZ are herein collectively referred to as "Defendants".

35.    Defendants had an annual gross volume sales of not less than $500,000 in each of the last three calendar years.

36.    Defendants at all times had more than eleven (11) employees.

37.    Plaintiffs and other similarly situated employees and/or the Defendants enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at both CITY FRESH MARKET, such as fish, wine, vegetables, flour, eggs, milk, meats, and beverages, cleaning supplies, were produced outside the State of New York.

38.    At all relevant times, Defendants have been, and continue to be an "employer" and enterprise engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL.  At all relevant times, Defendants has employed "employee[s]", including Plaintiffs, each of the FLSA Collective Plaintiffs and the Class Members.

**FACTUAL ALLEGATIONS**

39.    Defendants operate a supermarket that serves cold and prepared foods for public consumption.

40.  Plaintiffs worked in the hot food department that focused on preparing hot prepared foods for sale at the business.

41.  At all times relevant hereto, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs and the Class Members as non-exempt employees including cooks.

42.  Defendants assigned Plaintiff LANDAETA to work, and Plaintiff LANDAETA did work, typically between six (6) to seven (7) days per week from shifts either between 4:40AM and 5AM until between 2:00 P.M. and 5:00 P.M. or shifts from between 7:00 A.M. and 8:00 A.M. until between 4:00 P.M. and 6:00 P.M.

43.  There above is a typical schedule range and there were periods of time when Plaintiff worked even more hours per week.

44.  Defendants assigned Plaintiff ORTEGANO to work, and Plaintiff ORTEGANO worked, typically between four (4) to six (6) days per week from between 4:40AM and 5AM until between 3:00 P.M. and 6:00 P.M.

45.  Defendants paid Plaintiffs and other similarly situated employees, including class and collective members, fixed rates without a premium for their overtime hours.

46.  Defendants paid Plaintiff ORTEGANO a fixed day rate of $130.00.

47.  Defendants paid Plaintiff LANDAETA a fixed day rate rate of pay of approximately $130 per day at the beginning of his employ, then in approximately January 2024 Defendants paid Plaintiff Landaeta $140 per day and, then finally, starting at the end of February 2024, Defendants paid Plaintiff Landaeta $150 per day.

48.  Defendants at times made inappropriate deductions from Plaintiffs pay and the pay of other similarly situated employees, sometimes referring to the deductions as 'Taxes' without making proper withholdings or reporting.

49.    Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly worked in excess of a 40 hour work week.

50.    Defendants paid Plaintiffs, the FLSA Collective Plaintiffs, and the Class members a daily shift pay for every day worked.

### Defendants' Willful and Malicious Time Keeping Practices

51.    Defendants did have a time keeping system that Plaintiff and other employees used.  However, that system was willfully and maliciously manipulated to hide the true amount of hours worked by the Plaintiffs.  Moreover, the Defendants willfully and maliciously manipulated the numbers of their documents to obfuscated the fixed character of the Plaintiffs', and class members, pay rates.

52.    Defendants willfully and maliciously created a false record that incorrectly suggested Plaintiffs and other similarly situated employees were paid overtime when in fact they were not paid any premiums.

53.    Defendants' clock in system, either through automatic programming and/or later editing by management, routinely added long break periods that Plaintiffs did not take nor did the Plaintiffs initiate those clock-out events.

54.    Some of these fraudulent break periods were hours long when Plaintiff Landaeta worked shifts over ten hours long.

55.    Defendants' clock in system, either through automatic programming and/or later editing by management, routinely marked Plaintiffs and other similarly situated employees entering or, most often, leaving work 45 minutes to hours earlier than the Plaintiffs and other similarly situated employees in fact left; despite Plaintiffs clocking out at their actual exit time.

8

56.     Defendants time and pay records even on their face demonstrate that the amount marked as issued to the Plaintiffs and other similarly situated employees was less than those employees should have been paid even if the hours memorialized on the records were accurate.

57.     Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members an overtime premium for all hours worked in excess of 40.

58.     Thus, Plaintiffs and the FLSA Collective Plaintiffs were not compensated for all of the time spent working after their shift end time.

59.     Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs and the Class Members with an accurate statement of wages.

60.     Plaintiffs and other similarly situated employees were damaged by the Defendants failure to keep accurate records of their time and pay because the Plaintiffs were prevented from precisely monitoring their hours worked relative to their pay received, and, inter alia, the Defendants' improper record keeping compromised their ability to document their income and employment history.

61.     Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

62.     Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

63.     Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid

overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

64.    Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs and the FLSA Collective Plaintiffs.

**NOTICE PURSUANT TO**

**N.Y. BUSINESS CORPORATION LAW §§ 624 & 630**

65.    Plaintiff hereby demands, pursuant to N.Y. Business Corporation Law § 624(b), the opportunity to examine Defendant 5009 6TH AVE SUPERMARKET INC. books and record(s) containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

66.    Pursuant to N.Y. Business Corporation Law § 630, Plaintiff hereby gives notice to the ten largest shareholders of Defendant 5009 6TH AVE SUPERMARKET INC. with the largest ownership interest, as determined as of the beginning of the period during which the unpaid services alleged in this action were performed, that Plaintiff intends to hold them liable jointly and severally and personally liable for all unpaid debts, wages and salaries owed to Plaintiff.

**<u>COLLECTIVE ACTION ALLEGATIONS</u>**

67.    Plaintiffs seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

68.    Plaintiffs consent to being a party pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

69.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all non-exempt cooks and clerks employed by Defendants in New York on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

70.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime hours for all overtime hours worked. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

71.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72.     The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

73.     Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

74.     Other non-exempt employees including clerks and other cooks should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees including cooks and clerks to receive notice of the action and allow them to opt in to such an action if they so choose.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

75.    Plaintiffs bring claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover overtime wages, gratuitous, and statutory and other damages on behalf of all individuals employed in the State of New York by Defendants as non-exempt employees including cooks and clerks at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

76.    The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

77.    The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of the Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there are at least fifty members of the Class.

78.    Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that Defendants failed to provide Class Members with proper notices and/or wage statements as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

79. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained Naydenskiy Law Group, P.C. and Colin Mulholland, Esq. who are competent and experienced employment litigators.

80. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide

proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

81.    Employees of Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment.  A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

82.    The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including:

    a.    Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL;

    b.    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

    c.    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

    d.    Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

    e.    Whether Defendants paid Plaintiffs and Class members overtime wages for all overtime hours worked;

    f.    Whether Defendants paid Plaintiffs and Class members minimum wages for all hours worked

    g.    Whether Defendants provided proper wage statements to Class members per requirements of the NYLL; and

    h.    Whether Defendants provided proper wage notices to Class members per requirements of the NYLL.

83.    Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

### FIRST CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

84.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

85.    Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

86.    At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

87.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

88.    Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

### SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

15

89.     Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

90.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

91.     Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members the required overtime rates for hours worked in excess of forty (40) hours per workweek.

92.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

93.     Plaintiffs and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Failure to Pay Minimum Wage – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

94.   Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein

95.   Plaintiff (and the FLSA Class members) was a non-exempt employee of the Defendants' as understood by the FLSA at all relevant times.

96.     At all relevant times, Plaintiff (and the FLSA Class members) was paid

below the controlling minimum wage required by state and federal law.

97.    Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

98.    Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff (and the FLSA Class members) is entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

### FOURTH CLAIM FOR RELIEF
#### (Failure to Pay Minimum Wage – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

99.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

100.  Plaintiff (and the FLSA Class members) was a non-exempt employee of the Defendants' as understood by the NYSLL at all relevant times.

101.    At all relevant times, Plaintiff (and the FLSA Class members) was paid below the controlling minimum wage required by New York State law.

102.    Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

103.    Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiff (and the FLSA Class members) is entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE NOTICE
### REQUIREMENT OF THE NEW YORK LABOR LAW

104.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

105.    Defendants failed to provide Plaintiffs and the Class Members with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

106.    Plaintiffs and the Class Members were damaged in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

107.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

108.    With each payment of wages, Defendants failed to provide Plaintiffs and the Class Members with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

109.    Plaintiffs and the Class Members were damaged in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

110.    Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

111.    Defendants failed to pay Plaintiffs and the Class Members one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

112.    Defendant's failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

113.    Plaintiffs and the Class Members were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)    Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime

wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Enjoining Defendants from future violations of the NYLL;

(l)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA Class members;

(n)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as damages for any improper deductions or credits taken against wages;

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs and the FLSA class members liquidated damages in an

amount equal to one hundred percent (100%) of the minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Enjoining Defendants from further violations of the NYLL and FLSA;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated: July 30, 2024                    By:     */s/ Colin Mulholland*
                                                Colin Mulholland, Esq.
                                                36-36 33rd Street, Suite 308
                                                Astoria, New York 11106
                                                Telephone: (347) 687-2019


                                                */s/ Gennadiy Naydenskiy*
                                                Gennadiy Naydenskiy (GN5601)
                                                Naydenskiy Law Firm, LLC
                                                426 Main St, #201
                                                Spotswood, NJ, 08884
                                                718-808-2224

                                                *Attorneys for Plaintiffs, Proposed*
                                                *Collective Action Plaintiffs and*
                                                *Proposed Class Members.*